# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRADY SOUMA EWOUDOU<br>4925 NORTH CAPITAL STREET NW Apt 203<br>Washington, DC 20011 | ) ) ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | |
| KIKA SCOTT, Director.<br>U.S. Citizenship and Immigration Services<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009 | ) ) ) ) ) | Civ. No._____ |
| KRISTI NOEM, Secretary<br>U.S. Department of Homeland Security<br>MS 0525 Department of Homeland Security<br>2707 Martin Luther King Jr Ave SE<br>Washington, DC 20528-0525 | ) ) ) ) ) ) | VERIFIED COMPLAINT FOR<br>MANDAMUS AND<br>DECLARATORY JUDGMENT |
| CONNIE NOLAN, Associate Director<br>U.S. Citizenship and Immigration Services<br>Office of the Chief Counsel<br>Potomac Service Center<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## Writ of Mandamus
## I-589 Asylum and Withholding of Removal

The Plaintiff, by counsel, complains of the Defendants, KIKA SCOTT, Director, U.S.

Citizenship and Immigration Services; KRISTI NOEM, Secretary, U.S. Department of

Homeland Security; and CONNIE NOLAN, Director, U.S. Citizenship and Immigration

Services, Potomac Service Center, as follows:

1

## I.    PREFATORY STATEMENT

1.    This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application for Asylum and for Withholding of Removal (Form I-589) without further delay. See Exhibit A: I-589 Application for Asylum and Withholding From Removal.

2.    The Plaintiff filed his asylum application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on December 18, 2021. See Exhibit B: I-589 Receipt Notice and Biometric Confirmation. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II.    JURISDICTION

3.    This is a civil action brought pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."), because Plaintiffs ask this Court to compel Defendants, officers of the United States, to perform a duty owed under 8 U.S.C. § 1158(d)(5)(A)(iii).

4.    Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiffs are aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 *et seq.*

5.    Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the

convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). See Trudeau v. FTC, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against federal agency); Liberty Fund, Inc. v. Chao, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action … unreasonably delayed,' 5 U.S.C. § 706(1).").

6.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance a declaratory judgment.

7.    Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See Liu, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application" for adjustment of status); see also Villa v. U.S. Dept. of Homeland Sec., 607 F. Supp. 2d 359, 366

(N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); Aslam v. Mukasey, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. See, e.g., Shahid Khan v. Scharfen, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); Jones v. Gonzales, Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

8.     Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security shall be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . shall be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for

4

the denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. See Matter of Sealed Case, 151 F.3d 1059, 1063 (D.C. Cir. 1998); see also First Federal Savings and Loan Association of Durham v. Baker, 860 F.2d 135, 138 (4th Cir. 1988).

9.    Costs and fees are sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*

10.   As set forth below, the delay in processing the Plaintiff's properly filed application for Asylum and Withholding of Removal is unreasonable.

### III.   VENUE

11.   Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The Defendant KIKA SCOTT is sued in his official capacity as Director of USCIS, a United States federal agency and resident in this district. The Defendant KRISTI NOEM is sued in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), a United States federal agency and resident in this district. The Defendant, John McDaniel, is sued in his official capacity as Director of the USCIS Potomac Service Center, a United States federal agency. Because national policy concerning adjudication of applications for immigration benefits – including Asylum and Withholding of Removal – is formulated by the DHS and implemented by USCIS, venue is proper in this district.

### IV.   PARTIES

12.   The Plaintiff, Brady Souma Ewoudou, resides at 4925 North Capital Street NW Apt 203, Washington, DC 20011. He was born in Cameroon on January 9, 2004 and is a citizen of Cameroon. His alien registration number is A-220830871.

13.   The Defendants, KIKA SCOTT, Director, USCIS; KRISTI NOEM, Secretary, DHS; and Connie Nolan, Director, USCIS Potomac Service Center, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for asylum and adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. USCIS received the Plaintiff's application for Asylum on December 18, 2021. USCIS is the agency of DHS responsible for adjudicating Asylum applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

## V.    FACTS AND PROCEDURAL HISTORY

14.   Plaintiff was born in Cameroon on January 9, 2004 and came to the United States in August 15, 2021, on a F1 nonimmigrant visa. He filed his asylum application in the United States on December 18, 2021.  He is a law-abiding individual and has never been arrested, charged, or convicted of any crime.

15.   Plaintiff filed his I-589 application for asylum and withholding of removal with USCIS on December 18, 2021, more than 3 years ago.  The application is currently pending at the USCIS Potomac Service Center.  USCIS's published case adjudication guidelines indicate that the agency is currently reviewing I-589 applications filed approximately 6

months ago; the adjudication of Plaintiff's for asylum and withholding of removal clearly extends far beyond USCIS's normal processing timeframe. USCIS Potomac Service Center Processing Dates, available at https://egov.uscis.gov/cris/processingTimesDisplay.do (last visited October 4, 2010).

16. Plaintiff has made numerous written, telephonic, and in-person status inquiries with USCIS over the past 3 years that his I-589 application has been pending, and he has repeatedly been informed that his case remains pending with no action needed by him.

17. Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. Plaintiff's ability to pursue opportunities for professional advancement have been negatively impacted by the Defendants" failure to adjudicate his application within a reasonable period of time.  Plaintiff's uncertain immigration status has interfered with his ability to gain the professional and personal stability he deserves and for which he has worked so hard. Furthermore, the delay in adjudication has prevented Plaintiff from the ability to sponsor family members for immigration benefits, and it has also interfered with his travel needs.

18. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's application for asylum and withholding of removal. As more than 3 years have elapsed since the Plaintiff filed his application for asylum and withholding of removal, he requests that this Court instruct USCIS to release the case from hold and adjudicate the I-589 application without further delay.

## VI.  ADMINISTRATIVE PROCEDURE ACT FRAMEWORK

19.    Under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

20.    Assessing reasonableness is frequently found to involve a balancing test, in which a statutory requirement is a very substantial factor. *See Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

21.    The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline as is the situation here. *See Forrest Guardians v. Babbit*, 174 F.3d 1178 (10[th]Cir. 1998); *see also Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9[th]Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance … no balancing of factors is required or permitted").

22.    Plaintiff, Brady Souma Ewoudou, has a statutory right to apply for asylum and to be considered for that relief pursuant to 8 U.S.C. § 1158(a).

23.    Defendants generally have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

24.    Plaintiffs have no adequate remedy at law and will suffer irreparable harm if their Asylum Application is not promptly adjudicated.

25.    Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

26.    Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law."

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

27.    No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed application for asylum and withholding of removal, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 5 years. The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process his application to adjust status in a timely manner.

## VIII. CAUSE OF ACTION

28.    The Plaintiff is entitled to asylum and withholding of removal to pursuant to INA § 209, 8 U.S.C. § 1159. He is prepared to present all necessary evidence establishing that he is not inadmissible under INA § 212(a)(3)(B), as he has never participated in or knowingly provided material support for any terrorist activities.

29.    The Defendants have sufficient information to determine the Plaintiff's eligibility for asylum and withholding of removal pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's application for asylum and withholding of removal for more than 3 years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

30.   The Plaintiff's ability to travel out of the country has also been restricted for as long as his immigration status remains pending.

31.   The Defendants" inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

## IX.   CLAIMS

32.   A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002); Citizens for Ethics and Responsibility in Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also Liu, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C. Cir. 1987)); Aslam, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam"s petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

33.   The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents.

34.   The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application for asylum and withholding of removal for over 3 years, thereby depriving the Plaintiff

of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

35.    The Defendants owe the Plaintiff a duty to adjudicate his adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., Northern States Power Co. v. U.S. Dept. of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his I-589 asylum application and his right to issuance of the writ is "clear and indisputable." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); see also Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); Liberty Fund, Inc., 394 F. Supp. 2d at 114 (same).

36.    The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., Sierra Club, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); Northern States Power, 128 F.3d at 760 ("Given DOE's repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); Liu, 509 F. Supp. 2d at 9-10 (holding that the APA requires the

government to act within a reasonable period of time). The Plaintiff has already waited more than 5 years for adjudication of his pending I-589 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

## X.    ADMINISTRATIVE PROCEDURES ACT

37.    Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein and incorporates them by reference.

38.    Defendants have unreasonably delayed adjudication of Plaintiffs' Asylum Application, despite a clear statutory deadline requiring them to adjudicate it within 180 days.

39.    No adequate remedy exists at law.

40.    Plaintiffs will suffer and are suffering irreparable harm from the delay in adjudicating their case.

41.    This delay is unreasonable and leaves Plaintiff without an adequate remedy.

42.    Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiff seek a court order compelling Defendants to adjudicate their Asylum Application pursuant to 5 U.S.C. § 706(1).

## XI.    MANDAMUS

43.    Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein and incorporates them by reference.

44.    Pursuant to 28 U.S.C. § 1361, this Court may compel an officer or employee of the United States to perform a duty owed to the Plaintiffs. *See Burnett v. Tolson*, 474 F.2d 877, 880 (4 [th]Cir. 1973).

45.    Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction[] and agreeable to the usages and principles of law."

46.    Defendants owe Brady Souma Ewoudou the duty to adjudicate his Asylum Application within 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

47.    The Plaintiff, Brady Souma Ewoudou, is entitled to action on his long pending for asylum and withholding of removal application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

## XI.   PRAYER

**WHEREFORE,** the Plaintiff prays that this Court:

1.    Accept jurisdiction and maintain continuing jurisdiction of this action;

2.    Declare Defendants actions in this matter as arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. §§ 2201-02;

3.    Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

4.    Issue a writ of mandamus or in the nature of mandamus, pursuant to 28U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling to Defendants to make a determination on Plaintiffs' I-589, Application for Asylum and Withholding of Removal;

5.  Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq.*

6.  Grant such other and further relief as this Court deems proper.

Date:  March 26, 2025                    Respectfully Submitted,

                                     /s/ Melvin C Jarrett
Melvin C. Jarrett, Esq.
DC Bar No. 1658918
Jarrett Legal Services LLC
1701 Pennsylvania Ave. NW Ste. 200
Washington, DC 20006
Cell: 517-231-0201
Office: 703-878-2265
mjarrett@jarrettlegal.com
*Counsel for Plaintiff*

14

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY SOUMA EWOUDOU )<br>4925 NORTH CAPITAL STREET NW Apt 203 )<br>Washington, DC 20011 )<br> )<br>Plaintiff, )<br> )<br>V. )<br> )<br>KIKA SCOTT, Director. )<br>U.S. Citizenship and Immigration Services )<br>5900 Capital Gateway Drive )<br>Mail Stop 2120 )<br>Camp Springs, MD 20588-0009 )<br> )<br>KRISTI NOEM, Secretary )<br>U.S. Department of Homeland Security )<br>MS 0525 Department of Homeland Security )<br>2707 Martin Luther King Jr Ave SE )<br>Washington, DC 20528-0525 )<br> )<br>CONNIE NOLAN, Associate Director )<br>U.S. Citizenship and Immigration Services )<br>Office of the Chief Counsel )<br>Potomac Service Center )<br>5900 Capital Gateway Drive )<br>Mail Stop 2120 )<br>Camp Springs, MD 20588-0009 )<br> )<br>Defendants. ) | Civ. No._____<br><br><br><br>VERIFIED COMPLAINT FOR<br>MANDAMUS AND<br>DECLARATORY JUDGMENT |

## LIST OF EXHIBITS

Exhibit A:  I-589 Application for Asylum and for Withholding of Removal

Exhibit B: Receipt Notice;

Exhibit C: Affidavit Of Exhaustion of Administrative Remedies


Date:  March 26, 2025                           Respectfully Submitted,

1

_/s/ Melvin C Jarrett_____
Melvin C. Jarrett, Esq.
DC Bar No. 1658918
Jarrett Legal Services LLC
1701 Pennsylvania Ave. NW Ste. 200
Washington, DC 20006
Cell: 517-231-0201
Office: 703-878-2265
mjarrett@jarrettlegal.com
*Counsel for Plaintiff*

2



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**U.S. Department of Justice**
Executive Office for Immigration Review

OMB No. 1615-0067; Expires 07/31/2022

**I-589, Application for Asylum and for Withholding of Removal**

**START HERE - Type or print in black ink. See the instructions for information about eligibility and how to complete and file this application. There is no filing fee for this application.**

**NOTE:** ☐ Check this box if you also want to apply for withholding of removal under the Convention Against Torture.

## Part A.I. Information About You

| 1. Alien Registration Number(s) (A-Number) (if any) | 2. U.S. Social Security Number (if any) | 3. USCIS Online Account Number (if any) |
|---|---|---|
| 220 80 877 | | |

| 4. Complete Last Name | 5. First Name | 6. Middle Name |
|---|---|---|
| Brady | Souma | Ewoudou Osvalte |

**7. What other names have you used** (include maiden name and aliases)?

**8. Residence in the U.S.** (where you physically reside)

| Street Number and Name | Apt. Number |
|---|---|
| 4925 north capitol street | 203 |

| City | State | Zip Code | Telephone Number |
|---|---|---|---|
| Washington | D.C | 20011 | ( 857 ) 4158742 |

**9. Mailing Address in the U.S.** (if different than the address in Item Number 8)

| In Care Of (if applicable): | Telephone Number |
|---|---|
| | ( ) |

| Street Number and Name | Apt. Number |
|---|---|
| | |

| City | State | Zip Code |
|---|---|---|
| | | |

DEC 27 2021

(b)(6)

| 10. Gender: ☒ Male ☐ Female | 11. Marital Status: ☒ Single ☐ Married ☐ Divorced ☐ Widowed |
|---|---|

| 12. Date of Birth (mm/dd/yyyy) | 13. City and Country of Birth |
|---|---|
| 01/09/2004 | Douala,Cameroon |

| 14. Present Nationality (Citizenship) | 15. Nationality at Birth | 16. Race, Ethnic, or Tribal Group | 17. Religion |
|---|---|---|---|
| Cameroon | Cameroon | sawa | Catholic |

**18. Check the box, a through c, that applies: a.** ☒ I have never been in Immigration Court proceedings.

**b.** ☐ I am now in Immigration Court proceedings. **c.** ☐ I am not now in Immigration Court proceedings, but I have been in the past.

**19. Complete 19 a through c.**

**a.** When did you last leave your country? (mm/dd/yyyy) 08/13/2021 **b.** What is your current I-94 Number, if any? 646820195A2

**c.** List each entry into the U.S. beginning with your most recent entry. List date (mm/dd/yyyy), place, and your status for each entry. (Attach additional sheets as needed.)

| Date | Place | Status | Date Status Expires |
|---|---|---|---|
| 08/12/2019 | Washington, DC | B1/B2 | 2/1 |
| 08/15/2021 | Washington, DC | F1 | |
| | | | |

(b)(6)

| 20. What country issued your last passport or travel document? | 21. Passport Number 1148316 | 22. Expiration Date (mm/dd/yyyy) |
|---|---|---|
| Cameroon | Travel Document Number | 07/29/2025 |

| 23. What is your native language (include dialect, if applicable)? | 24. Are you fluent in English? | 25. What other languages do you speak fluently? |
|---|---|---|
| English | ☒ Yes ☐ No | German, French |

| For EOIR use only. | For USCIS use only. | Action: Interview Date: _____ Asylum Officer ID No.: _____ | Decision: Approval Date: _____ Denial Date: _____ Referral Date: _____ |
|---|---|---|---|

DEC 27 2021 PM 1 5

## Part A.II. Information About Your Spouse and Children

**Your spouse**    [X]  I am not married. (Skip to **Your Children** below.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Date of Birth *(mm/dd/yyyy)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Other names used *(include maiden name and aliases)* |

| 9. Date of Marriage *(mm/dd/yyyy)* | 10. Place of Marriage | 11. City and Country of Birth |
|---|---|---|

| 12. Nationality *(Citizenship)* | 13. Race, Ethnic, or Tribal Group | 14. Gender  [ ] Male  [ ] Female |
|---|---|---|

**15.** Is this person in the U.S.?
[ ] Yes *(Complete Blocks 16 to 24.)*    [ ] No *(Specify location):*

| 16. Place of last entry into the U.S. | 17. Date of last entry into the U.S. *(mm/dd/yyyy)* | 18. I-94 Number *(if any)* | 19. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 20. What is your spouse's current status? | 21. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 22. Is your spouse in Immigration Court proceedings?  [ ] Yes  [ ] No | 23. If previously in the U.S., date of previous arrival *(mm/dd/yyyy)* |

**24.** If in the U.S., is your spouse to be included in this application?  *(Check the appropriate box.)*
[ ] Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
[ ] No

**Your Children.** List all of your children, regardless of age, location, or marital status.

[X] I do not have any children. *(Skip to Part A.III, Information about your background.)*
[ ] I have children.    Total number of children:

**(NOTE:** Use Form I-589 Supplement A or attach additional sheets of paper and documentation if you have more than four children.)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender  [ ] Male  [ ] Female |

**13.** Is this child in the U.S.?  [ ] Yes *(Complete Blocks 14 to 21.)*  [ ] No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  [ ] Yes  [ ] No | |

**21.** If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*
[ ] Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*
[ ] No

## Part A.II. Information About ... r Spouse and Children (Continued)

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |
|---|---|---|---|

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No |
|---|---|---|

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

---

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |
|---|---|---|---|

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No |
|---|---|---|

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

---

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|

| 5. Complete Last Name | 6. First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
|---|---|---|---|

| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender ☐ Male ☐ Female |
|---|---|---|---|

13. Is this child in the U.S. ? ☐ Yes *(Complete Blocks 14 to 21.)* ☐ No *(Specify location):*

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|

| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings? ☐ Yes ☐ No |
|---|---|---|

21. If in the U.S., is this child to be included in this application? *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your spouse in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

## Part A.III. Information About Your Background

1. List your last address where you lived before coming to the United States. If this is not the country where you fear persecution, also list the last address in the country where you fear persecution. *(List Address, City/Town, Department, Province, or State and Country.)*
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street *(Provide if available)* | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| nouvelle route bastos | yaounde | centre | cameroon | 12/2016 | 07/2021 |
| Molyko | Buea | Southwest | Cameroon | 2016 | 2016 |

2. Provide the following information about your residences during the past 5 years. List your present address first.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Number and Street | City/Town | Department, Province, or State | Country | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|---|
| 4925 N capitol street | Washington | Dc | USA | 08/2021 | present |
| Nouvelle route Bastos | Yaounde | Centre | Cameroon | 12/2016 | 07/2021 |
| Nkoabang | Yaounde | Centre | Cameroon | 01/2013 | 09/2016 |
| Molyko | Buea | Southwest | Cameroon | 2016 | 2016 |
| | | | | | |

3. Provide the following information about your education, beginning with the most recent school that you attended.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name of School | Type of School | Location *(Address)* | Attended From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|---|
| Howard university | college | d.c washington | 08/2021 | present |
| Enko la gaite | high school | Cameroon, Yaounde | 08/2017 | 05/2020 |
| saint benedict college | high school | Cameroon, Yaounde | 08/2013 | 05/2017 |
| Sasse , saint joseph  high | high school | Cameroon, Buea | 08/2016 | 10/2016 |

4. Provide the following information about your employment during the past 5 years. List your present employment first.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Name and Address of Employer | Your Occupation | Dates From *(Mo/Yr)* | To *(Mo/Yr)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

5. Provide the following information about your parents and siblings (brothers and sisters). Check the box if the person is deceased.
   *(NOTE: Use Form I-589 Supplement B, or additional sheets of paper, if necessary.)*

| Full Name | City/Town and Country of Birth | Current Location |
|---|---|---|
| *Mother* megaptche marthe | Loum, Cameroon | ☐ Deceased |
| *Father* souma Joel | Ndoungue, Cameroon | ☐ Deceased |
| *Sibling* souma Queen | Douala, Cameroon | ☐ Deceased |
| *Sibling* Souma Jordan | Yaounde, Cameroon | ☐ Deceased |
| *Sibling* | | ☐ Deceased |
| *Sibling* | | ☐ Deceased |

## Part B. Information About Your Application

*(NOTE: Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part B.)*

When answering the following questions about your asylum or other protection claim (withholding of removal under 241(b)(3) of the INA or withholding of removal under the Convention Against Torture), you must provide a detailed and specific account of the basis of your claim to asylum or other protection. To the best of your ability, provide specific dates, places, and descriptions about each event or action described. You must attach documents evidencing the general conditions in the country from which you are seeking asylum or other protection and the specific facts on which you are relying to support your claim. If this documentation is unavailable or you are not providing this documentation with your application, explain why in your responses to the following questions.

Refer to Instructions, **Part 1. Filing Instructions, Section II., Basis of Eligibility, Parts A. - D., Section V., Completing the Form, Part B.; and Section VII. Additional Evidence That You Should Submit,** for more information on completing this section of the form.

1. Why are you applying for asylum or withholding of removal under section 241(b)(3) of the INA, or for withholding of removal under the Convention Against Torture? Check the appropriate box(es) below and then provide detailed answers to questions A and B below.

   I am seeking asylum or withholding of removal based on:

   | | | |
   |---|---|---|
   | ☐ Race | ☒ Political opinion | |
   | ☐ Religion | ☒ Membership in a particular social group | |
   | ☐ Nationality | ☐ Torture Convention | |

A. Have you, your family, or close friends or colleagues ever experienced harm or mistreatment or threats in the past by anyone?

   ☐ No        ☒ Yes

   If "Yes," explain in detail:
   1. What happened;
   2. When the harm or mistreatment or threats occurred;
   3. Who caused the harm or mistreatment or threats; and
   4. Why you believe the harm or mistreatment or threats occurred.

B. Do you fear harm or mistreatment if you return to your home country?

   ☐ No        ☒ Yes

   If "Yes," explain in detail:
   1. What harm or mistreatment you fear;
   2. Who you believe would harm or mistreat you; and
   3. Why you believe you would or could be harmed or mistreated.

**Part B. Information About Your Application** (Continued)

2.  Have you or your family members ever been accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned in any country other than the United States (including for an immigration law violation)?

☐ No    ☒ Yes

If "Yes," explain the circumstances and reasons for the action.

3.A. Have you or your family members ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a political party, student group, labor union, religious organization, military or paramilitary group, civil patrol, guerrilla organization, ethnic group, human rights group, or the press or media?

☐ No    ☒ Yes

If "Yes," describe for each person the level of participation, any leadership or other positions held, and the length of time you or your family members were involved in each organization or activity.

3.B. Do you or your family members continue to participate in any way in these organizations or groups?

☐ No    ☒ Yes

If "Yes," describe for each person you or your family members' current level of participation, any leadership or other positions currently held, and the length of time you or your family members have been involved in each organization or group.

4.  Are you afraid of being subjected to torture in your home country or any other country to which you may be returned?

☐ No    ☒ Yes

If "Yes," explain why you are afraid and describe the nature of torture you fear, by whom, and why it would be inflicted.

## Part C. Additional Information About Your Application

(NOTE: *Use Form I-589 Supplement B, or attach additional sheets of paper as needed to complete your responses to the questions contained in Part C.*)

1.  Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?

    ☒ No          ☐ Yes

    If "Yes," explain the decision and what happened to any status you, your spouse, your child(ren), your parents, or your siblings received as a result of that decision.  Indicate whether or not you were included in a parent or spouse's application.  If so, include your parent or spouse's A-number in your response.

    If you were previously denied asylum by USCIS, an immigration judge, or the Board of Immigration Appeals, describe any change(s) in conditions in your country or your own personal circumstances since the date of the denial that may affect your eligibility for asylum.

2.A.  After leaving the country from which you are claiming asylum, did you or your spouse or child(ren) who are now in the United States travel through or reside in any other country before entering the United States?

    ☒ No          ☐ Yes

2.B.  Have you, your spouse, your child(ren), or other family members, such as your parents or siblings, ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum?

    ☒ No          ☐ Yes

    If "Yes" to either or both questions (2A and/or 2B), provide for each person the following: the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so.

3.  Have you, your spouse or your child(ren) ever ordered, incited, assisted or otherwise participated in causing harm or suffering to any person because of his or her race, religion, nationality, membership in a particular social group or belief in a particular political opinion?

    ☒ No          ☐ Yes

    If "Yes," describe in detail each such incident and your own, your spouse's, or your child(ren)'s involvement.

**Part C. Additional Information About Your Application** (Continued)

4.  After you left the country where you were harmed or fear harm, did you return to that country?

    ☐ No          ☒ Yes

    If "Yes," describe in detail the circumstances of your visit(s) (for example, the date(s) of the trip(s), the purpose(s) of the trip(s), and the length of time you remained in that country for the visit(s).)

5.  Are you filing this application more than 1 year after your last arrival in the United States?

    ☒ No          ☐ Yes

    If "Yes," explain why you did not file within the first year after you arrived. You must be prepared to explain at your interview or hearing why you did not file your asylum application within the first year after you arrived. For guidance in answering this question, see **Instructions, Part 1. Filing Instructions, Section V. Completing the Form, Part C.**

6.  Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted, or sentenced for any crimes in the United States (including for an immigration law violation)?

    ☒ No          ☐ Yes

    If "Yes," for each instance, specify in your response: what occurred and the circumstances, dates, length of sentence received, location, the duration of the detention or imprisonment, reason(s) for the detention or conviction, any formal charges that were lodged against you or your relatives included in your application, and the reason(s) for release.

    If you have been arrested in the United States, you must submit a certified copy of all arrest reports, court dispositions, sentencing documents, and any other relevant documents.

## Part D. Your Signature

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Title 18, United States Code, Section 1546(a), provides in part: Whoever knowingly makes under oath, or as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement or which fails to contain any reasonable basis in law or fact - shall be fined in accordance with this title or imprisoned for up to 25 years. I authorize the release of any information from my immigration record that U.S. Citizenship and Immigration Services (USCIS) needs to determine eligibility for the benefit I am seeking.



**WARNING:** Applicants who are in the United States unlawfully are subject to removal if their asylum or with granted by an asylum officer or an immigration judge. Any information provided in completing this application may be used as a basis for the institution of, or as evidence in, removal proceedings even if the application is later withdrawn. Applicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and Nationality Act. You may not avoid a frivolous finding simply because someone advised you to provide false information in your asylum application. If filing with USCIS, unexcused failure to appear for an appointment to provide biometrics (such as fingerprints) and your biographical information within the time allowed may result in an asylum officer dismissing your asylum application or referring it to an immigration judge. Failure without good cause to provide DHS with biometrics or other biographical information while in removal proceedings may result in your application being found abandoned by the immigration judge. See sections 208(d)(5)(A) and 208(d)(6) of the INA and 8 CFR sections 208.10, 1208.10, 208.20, 1003.47(d) and 1208.20.

| Print your complete name. | Write your name in your native alphabet. |
|---|---|
| Souma  Ewoudou  Brady  Osvalte | Souma  Ewoudou  Brady  Osvalte |

Did your spouse, parent, or child(ren) assist you in completing this application? ☒ No   ☐ Yes (If "Yes," list the name and relationship.)

| (Name) | (Relationship) | (Name) | (Relationship) |
|---|---|---|---|
|  |  |  |  |

Did someone other than your spouse, parent, or child(ren) prepare this application?   ☒ No   ☐ Yes (If "Yes,"complete Part E.)

Asylum applicants may be represented by counsel. Have you been provided with a list of persons who may be available to assist you, at little or no cost, with your asylum claim?   ☒ No   ☐ Yes

Signature of Applicant (The person in Part. A.I.)

➡ [ Souma Ewoudou , Brady  Osvalte ]        12 / 17 / 2021
Sign your name so it all appears within the brackets        Date of signature (mm/dd/yyyy)

## Part E. Declaration of Person Preparing Form, if Other Than Applicant, Spouse, Parent, or Child

I declare that I have prepared this application at the request of the person named in Part D, that the responses provided are based on all information of which I have knowledge, or which was provided to me by the applicant, and that the completed application was read to the applicant in his or her native language or a language he or she understands for verification before he or she signed the application in my presence. I am aware that the knowing placement of false information on the Form I-589 may also subject me to civil penalties under 8 U.S.C. 1324c and/or criminal penalties under 18 U.S.C. 1546(c).

| Signature of Preparer | Print Complete Name of Preparer |
|---|---|
| Daytime Telephone Number (    ) | Address of Preparer: Street Number and Name |

| Apt. Number | City | | State | Zip Code |
|---|---|---|---|---|
|  |  |  |  |  |

| To be completed by an attorney or accredited representative (if any). | ☐ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|
|  |  |  |  |

## Part F. To Be Completed at Asylum Interview, if Applicable

**NOTE:** *You will be asked to complete this part when you appear for examination before an asylum officer of the Department of Homeland Security, U.S. Citizenship and Immigration Services (USCIS).*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____          _____
Signature of Applicant                                               Date *(mm/dd/yyyy)*

_____          _____
Write Your Name in Your Native Alphabet                   Signature of Asylum Officer

## Part G. To Be Completed at Removal Hearing, if Applicable

**NOTE:** *You will be asked to complete this Part when you appear before an immigration judge of the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), for a hearing.*

I swear (affirm) that I know the contents of this application that I am signing, including the attached documents and supplements, that they are ☐ all true or ☐ not all true to the best of my knowledge and that correction(s) numbered _____ to _____ were made by me or at my request. Furthermore, I am aware that if I am determined to have knowingly made a frivolous application for asylum I will be permanently ineligible for any benefits under the Immigration and Nationality Act, and that I may not avoid a frivolous finding simply because someone advised me to provide false information in my asylum application.

Signed and sworn to before me by the above named applicant on:

_____          _____
Signature of Applicant                                               Date *(mm/dd/yyyy)*

_____          _____
Write Your Name in Your Native Alphabet                   Signature of Immigration Judge

Supplement B, Form I-589

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part        B

Question   1.a

In early June, while I was sitting to watch one of the champions league final eight games, my dad received a call that completely tensed the environment. Before I could say anything, I could see my dad's hand pointing at my phone, and he was making gestures requesting me to record his conversation using my phone dictaphone's app. I did not understand everything but my dad's facial expression expressed his angst. From what I could hear, my dad was threatened to be sent to jail if he did keep insisting that he signed a contract with a man who usurped another person's signature. I did not understand everything but from what I heard, this man was really influential and had been signing fake contracts to embezzle state money, but my dad's testimonial could bring the spotlight on him even though he would not risk jail, unlike my dad, because of his personal relationships with highly ranked officials in the country.

Before this, my family had been forced to move from the southwest region of Cameroon. We had to move back to Yaounde, the capital,  because of the increasing tensions in the area and equally threats  coming from individuals who did not agree with my dad's political views. He has been a fervent supporter of the anglophone crisis and their early requests but never agreed with the violent actions they later undertook. Because of this, most of them started seeing him as a traitor.

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part      B

Question  1.B

Presently, My dad's financial accounts have been blocked due to the previously narrated issues. This put my education in the US for the coming years at risk. And this also means that I might have to go back to Cameroon. If the situation does not get better, my dad might go to jail and if he does, my admission to certain academic institutions will be at risk, I won't be able to get a good job, I might be kidnapped just like many of my friends who went back did. I could be killed, a lot of Cameroonians who had been studying in the US and came back have been poisoned. I will be attaching an article concerning this. What I mean is, going back to Cameroon destroyed my dream of achieving success to help my family, because of the influential enemies my dad made because of his political views and integrity.

| Additional Information About Your Claim to Asylum | |
|---|---|
| A-Number *(if available)* | Date |
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

Part       B

Question   2

My dad was interrogated and accused of a tentative of embezzling money after he signed a job contract with a state company official who usurped his boss's signature to embezzle funds. This official presented himself as the General Director of this state company to my dad and tried copying his boss's signature but he was caught.

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

| Part | B |
|---|---|
| Question | 3.A |

My dad has been a supporter of Maurice Kamto's political party, MRC(movement for the republic of cameroon) for 4 years now. This party is the leading opposing party in Cameroon.

Supplement B, Form I-589

| **Additional Information About Your Claim to Asylum** | |
|---|---|
| A-Number *(if available)* | Date |
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested.  Copy and complete as needed.*

Part        **B**

Question  **3.B**

My Dad is the representative of The MRC in his division of origin, the Moungo, in the littoral region, precisely in Melong, next to nkongsamba. He was responsible for promoting the ideologies of this party in this region during the last presidential elections.

Supplement B, Form I-589

## Additional Information About Your Claim to Asylum

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

Part        B

Question   4

I am afraid of torture in the form of kidnapping from the ambazonian who do not angry my with my dad's nonviolence ideologies and could try to harm him or get money from him through me, as his child. I am also afraid of torture from my home government who could torture me by rendering all academic or non-academic endeavors I would wish to start unreachable. This has happened in the past to children whose parent's political opinions diverged from theirs. What happened to Ahmadou Ahidjo's kids is a typical source of evidence for this.

**Additional Information About Your Claim to Asylum**

| A-Number *(if available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

Part          C

Question    4

I started fearing harm in early 2017 when the tensions in the southwest region started escalating. I had just gotten admission to one of the best high schools in the region, Sasse bilingual college. However, my family had to cancel our plans to continue living there as a result of the increasing danger we faced due to my dad's unwillingness to take a radical involvement in the issue there, especially his non-violent ideologies. We moved to the capital region of Cameroon in fear of danger, but my dad's political views kept hindering his business activities. At school, I felt marginalized by classmates who did not share these views and as days passed, I felt more and more in danger.

In August 2019, I came to the US for a summer program at Yale University. I stayed for a month and started thinking of staying as an asylee in the land of the free. But I was very young by then to take a few decisions on my own and on top of that, I believed the situation would get better back home. Also, I wanted to do things legally and follow the legal procedure. I was pursuing a very expensive Academic program in Cameroon, the international Baccalaureat, and was on the way to completing it. Finishing it was one of my main objectives by then.

I did that and I am presently studying as an undergraduate student but the situation is getting worse back home. I am really scared for my Future.

Supplement B, Form I-589

## Additional Information About Your Claim to Asylum

| A–Number *(if available)* | Date |
| --- | --- |
| Applicant's Name | Applicant's Signature |

**NOTE:** *Use this as a continuation page for any additional information requested. Copy and complete as needed.*

Part     C

Question     4

I started fearing harm in early 2017 when the tensions in the southwest region started escalating. I had just gotten admission to one of the best high schools in the region, Sasse bilingual college. However, my family had to cancel our plans to continue living there as a result of the increasing danger we faced due to my dad's unwillingness to take a radical involvement in the issue there, especially his non-violent ideologies. We moved to the capital region of Cameroon in fear of danger, but my dad's political views kept hindering his business activities. At school, I felt marginalized by classmates who did not share these views and as days passed, I felt more and more in danger.

In August 2019, I came to the US for a summer program at Yale University. I stayed for a month and started thinking of staying as an asylee in the land of the free. But I was very young by then to take a few decisions on my own and on top of that, I believed the situation would get better back home. Also, I wanted to do things legally and follow the legal procedure. I was pursuing a very expensive Academic program in Cameroon, the international Baccalaureat, and was on the way to completing it. Finishing it was one of my main objectives by then.

I did that and I am presently studying as an undergraduate student but the situation is getting worse back home. I am really scared for my Future.

Supplement A, Form I-589

| A-Number *(If available)* | Date |
|---|---|
| Applicant's Name | Applicant's Signature |

## List All of Your Children, Regardless of Age or Marital Status

**(NOTE:** *Use this form and attach additional pages and documentation as needed, if you have more than four children)*

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5.  Complete Last Name | 6.  First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender  ☐ Male   ☐ Female |

| 13.  Is this child in the U.S. ?   ☐ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location):* |||||
|---|---|---|---|

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes   ☐ No ||

**21.** If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

| 1. Alien Registration Number (A-Number) *(if any)* | 2. Passport/ID Card Number *(if any)* | 3. Marital Status *(Married, Single, Divorced, Widowed)* | 4. U.S. Social Security Number *(if any)* |
|---|---|---|---|
| 5.  Complete Last Name | 6.  First Name | 7. Middle Name | 8. Date of Birth *(mm/dd/yyyy)* |
| 9. City and Country of Birth | 10. Nationality *(Citizenship)* | 11. Race, Ethnic, or Tribal Group | 12. Gender  ☐ Male   ☐ Female |

| 13.  Is this child in the U.S. ?   ☐ Yes *(Complete Blocks 14 to 21.)*   ☐ No *(Specify location):* |||||
|---|---|---|---|

| 14. Place of last entry into the U.S. | 15. Date of last entry into the U.S. *(mm/dd/yyyy)* | 16. I-94 Number *(If any)* | 17. Status when last admitted *(Visa type, if any)* |
|---|---|---|---|
| 18. What is your child's current status? | 19. What is the expiration date of his/her authorized stay, if any? *(mm/dd/yyyy)* | 20. Is your child in Immigration Court proceedings?  ☐ Yes   ☐ No ||

**21.** If in the U.S., is this child to be included in this application?  *(Check the appropriate box.)*

☐ Yes *(Attach one photograph of your child in the upper right corner of Page 9 on the extra copy of the application submitted for this person.)*

☐ No

To who it may concern

Please, in addition to the required question and answers asked for the i-589 application, I attached this statement as I feel it will give a more detail and personal perspective to support case.

I was born in Douala, the littoral region of Cameroon. I am the eldest of a family of three kids, with one younger brother and one younger sister. I did not really have the most childish childhood ever because my parents made me understand few realities about how life in my country would be because of my "simplicity". I did not spend that much time playing, because I needed to study hard. In Cameroon, those who really succeed are those who are either very very very lucky or those who know someone influential. Yet, my dad is just a simple man. My parents made me understand this reality to highlight to me the importance of working hard. This hard-working spirit they engraved in me made me strive to be the best at school to make sure that my abilities or talents would never be questioned by anyone. It was not easy but I wanted to make my academic success my superpower, one that would make me stand out despite my modest origins. And so did I! My dad is my Model. He worked as hard as possible to get a good job that would provide the necessary to feed me and my whole family, from my siblings to my aunts, cousins, uncles, and grandparents. He has been the financial backbone of my entire family back home. My dad would always tell me " my job is to send you to school and feed you, yours is to get good grades, be honest, work hard and the rest will come with time." I believe him and I always do my best to be up the task. However, in 2017, things started complicating themselves for my family as my Dad displayed more and more his political opinions. He had become a servant supporter of the MRC, the political party of Maurice Kamto, the main opponent to the

president of Cameroon, Paul Biya. I did not understand what was going on but I knew something was wrong. My dad would usually bring breakfast for the next day, in the evening, and come home with our favorite candy, Kinders, but it brutally stopped from one day to the other. I was really young ad short but I kind of figured out that our home income was drastically falling. Apparently, this happened because of my dad's opinion towards the request of the Anglophone lawyers and teachers from the southwest and Northwest regions. Fewer people were willing to offer him contracts and with fewer contracts, comes less income. I confirmed this as I secretly overheard my dad's conversation with my mum concerning our financial issues. I do not remember nor did I understand everything, but I knew it was bad. I mean the only thing I forecasted was that my dad's involvement as regional representative of the MRC in his region of birth, the Moungo would have potentially negative effects on our security in that area because the party in power had won in that region and the overall elections. but I never would guess that it would have affected our lives beyond the frontiers of that region as well. Before that dad had made sure none of us, his kids, were around the Moungo during the campaign. And since the elections, none of us have returned there. As the eldest, I could see that my parents were struggling, and my dad being the only source of income for our whole family, did not make things easier.

How did I start being personally affected? In 2016, my family moved to the southwest region for work-related reasons and I coincidentally had an admission to the most ancient English baptist school and best school of the southwest region, saint Josephs's catholic bilingual college. This was a unique opportunity to get the best of an anglophone education in a francophone-dominated country. This would help me get higher chances to be competitive for admission in the two only Anglo-Saxon but selective universities of the country, both found in the southwest. Yet, tensions between the government and the protesters, supporting the anglophone crisis started escalating. My dad refused to support the radical and violent actions of the Ambazoians( armed

militia fighting to eradicate all francophone political activities in the anglophone regions of Cameroon)> My family, worried by this, decided to shorten our permanent relocation plans and we moved back to Yaounde. It was not that bad academically because my dad decided to give international education a try, and because of it I ended pursuing the International baccalaureate. It was pretty expensive especially since things were degrading financially, but I knew what I had to do to keep a smile on my parents' faces'. I decided to focus on school and disregard "adult's issues", just like my mum would call them. I did good at school and developed my values and started building a personality. This unique combination helped me get an admission with a full scholarship to attend a Yale University-related summer program. There was finally some sunlight under the silver lining. I came to the United States for the first time and discovered a world of possibilities. I developed ambition, one of the greater and broader professional ambitions. My passion for engineering exploded as I had the chance to get in touch with the practical part of it. I knew I wanted to get the endless knowledge available in the US to help better conditions back home. Yet, it was not only my academic aspirations that expanded. I felt safe in America. It was a place of freedom where I would not be visually deviser because of my dad's name. I was not scared of expressing my own point on the Anglophone crisis. This made me even want to come back to the US more. I went back to Cameroon and decided that I would make the best I could to meet the requirements necessary to pursue my higher education in the US. I was praying that the situation would not get worse back home, in Cameroon, I did not want anything to destroy my American academic dream. Unfortunately, this did not happen.

Shortly after I came back, around spring 2020, another "adult issue" happened. But this time, I was a witness to it. My dad received a call that froze him. He asked me to grab my phone and record the conversation. This man was asking my dad not to mention him in the recent contract with a state telecommunication company my dad had signed. This was another hoax/ witch hunt against my dad and our family because of my dad's political opinions. He had trusted the

government and signed a contract with an official who usurped the state's company chief director identity. He presented himself to my dad as the chief director and signed a contract with him. However, this was an attempt from this man to embezzle state money, using my dad as a pawn. I was stunned by this conversation. He was telling my dad not to mention him in the signature of the contract or else he would end up his life in jail. This man is personally related to highly influential members of the government and is known for such embezzling practices. However, the corrupted judicial system in Cameroon always helped him out, and the lack of access to the public of proves of his involvement saved him. Yet, my dad had been secretly recording him when he came to his work office to request the working partnership. This proves could change everything. My dad is presently risking jail and his accounts had been blocked by the state due to the case. I never really involved myself in these issues more because my mum always defended me. But I am scared. My dad can still to jail. If not I could be harmed or kidnapped if I go home. Also, the Amabazonians who have been kidnapping and killing the families of those who refuse to support their violent actions make me a potential target.  Because of my dad's name, I might never get a job or could even be arrested if I get back home. I could be charged with anything just because of the corruption and huge influence of the people who want to hurt my dad. I have copies of controversial phone conversations between my dad and this man. Academically and professionally my future is practically rigged in Cameroon. My life and that of my family is at risk. On one side, because of the influential people who want to hurt me because of my dad's political view and on the other because of the grudge Amabazonians have been having against those who dare question their violent actions in the anglophone regions of Cameroon.

I Plea For HELP!



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

Exhibit B

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | Case Type |
|---|---|
| ZAR2249240490 | I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL |

| Received Date | Priority Date | Applicant  A220 830 871 |
|---|---|---|
| 12/27/2021 | | BRADY, SOUMA EWOUDOU OSVALTE |

| Notice Date | Page | |
|---|---|---|
| 01/25/2022 | 1 of 1 | |

| | |
|---|---|
| SOUMA BRADY<br>4925 NORTH CAPITOL ST<br>APT 203<br>WASHINGTON DC  20011 | **Notice Type:** Receipt Notice |

### *** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 Application for Asylum and Withholding of Removal was received and is pending as of 12/27/2021.

You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from USCIS. If you change your address, send written notification of the change within 10 days to the Asylum Office at the below address or using the USCIS Online Change of Address system at https://egov.uscis.gov/coa/displayCOAForm.do.

You will receive a notice informing you when you and those listed on your application as a spouse or child dependents must appear at an Application Support Center (ASC) for biometrics collection. You will also receive a notice informing you when you and those listed on your application as a spouse or dependents must appear for an asylum interview. Those notices will contain instructions for what to bring to your ASC appointment and what to bring to your asylum interview.

WARNING: Failure to appear at the ASC for biometrics collection or for your asylum interview may affect your eligibility for employment authorization, and may also result in the dismissal of your asylum application or referral of your asylum application to an immigration judge.

NOTE FOR INDIVIDUALS WHO HAVE MADE *VANGALA* SETTLEMENT AGREEMENT FILING DATE REQUESTS: If you are receiving this notice after asking USCIS to amend your Form I-589 receipt date under the *Vangala* Settlement Agreement (i.e., "No Blank Space Rejection Policy"), USCIS has changed your receipt date to the date listed above in our systems. If you are in removal proceedings, USCIS has informed the immigration court and the U.S. Immigration and Customs Enforcement Office of the Principal Legal Advisor (ICE OPLA) field office with jurisdiction over your asylum application of this change.

Applicant(s):
| Alien Number | Name |
|---|---|
| A220 830 871 | BRADY, SOUMA |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Arlington Asylum Office
U.S. CITIZENSHIP & IMMIGRATION SVC
1525 Wilson Boulevard, Suite 300
MS 2500
Arlington VA 20598-2500



USCIS Contact Center: www.uscis.gov/contactcenter

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.        Form I-797C  04/01/19

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**



## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

### Important Changes to Biometrics Services Appointments Related to COVID-19

USCIS Application Support Centers (ASC) are open with additional precautions to prevent the spread of the coronavirus disease (COVID-19). For the most updated visitor guidance and facility entrance requirements, on the day of your appointment please visit: www.uscis.gov/about-us/uscis-response-to-covid-19.

### Appointments

- You must have a scheduled appointment before arriving at a USCIS office. Only appear on your scheduled date and time at the designated location.
- Do not arrive more than 15 minutes before your appointment. Only military members may appear without an appointment.
- Do not bring additional individuals or family members with you to your appointment. Only interpreters, attorneys or those providing needed assistance if you are disabled will be permitted to accompany you.
- Fill out the Applicant Information Worksheet below and bring it to your appointment to complete the biometric collection process.
- If you are ill, you should reschedule your appointment. Please call the USCIS Contact Center at 800-375-5283 (TTY 800-767-1833) to reschedule.
- On the day of your appointment, please check for office closures or other important information here: www.uscis.gov/about-us/uscis-office-closings.

### Entrance to USCIS Facilities (Application Support Centers)

You may not enter a USCIS facility if you have:
- COVID-19 or any symptoms of COVID-19 (according to the CDC) including, but not limited to, recently developed cough, fever, difficulty breathing, new loss of smell or taste, fatigue, muscle aches, headache, congestion, sore throat, or vomiting;
- Been in close contact (within 6 feet for a total of 15 minutes or more) with anyone known to have COVID-19 in the past 14 days (unless you are fully vaccinated or you are a health careworker and consistently wear an N-95 respirator and proper personal protective equipment (PPE) or equivalent when in contact with COVID-19 positive individuals);
- Returned from domestic air, international air, or cruise ship travel in the past 10 days (unless you are fully vaccinated);
- Been instructed by a health care provider, public health authority, or government entity to self-isolate or self-quarantine in the past 14 days;
- You may also have to answer health screening questions before entering a facility;
- For more information for visiting USCIS facilities, please visit: www.uscis.gov/about-us/uscis-visitor-policy.

### Face coverings and Social Distancing:

- In all areas of the country, all USCIS employees, on-site contractors, and visitors, regardless of vaccination status or level of COVID-19 transmission in your local area, are required to wear a mask inside all DHS and USCIS workspaces and federal buildings. USCIS may deny entry to individuals who do not wear a face covering.
- In DHS-controlled spaces, this guidance supersedes state, local, tribal, or territorial rules and regulations regarding face coverings.
- All federal employees, on-site contractors, and visitors must follow local USCIS guidance on physical distancing (such as sitting and standing apart from others) and workplace protection guidance consistent with Centers for Disease Control and Prevention (CDC) and agency guidance.

### APPLICANT'S INFORMATION WORKSHEET (AIW)

NAME: **Soumta Ewoudou** **Brady Osvalte**
FIRST                                MIDDLE                                LAST

LIST ANY OTHER NAMES USED (MAIDEN NAME, PREVIOUS MARRIAGE, ALIAS, ETC.):

1)

FIRST                                MIDDLE                                LAST

2)

FIRST                                MIDDLE                                LAST

DATE OF BIRTH: **01** **09** **2004**
MONTH      DAY      YEAR

COUNTRY OF BIRTH: **Cameroon**          COUNTRY OF CITIZENSHIP: **Cameroon**

GENDER: (CHECK ONE)        RACE: (CHECK ONE)
☒ MALE                              ☐ ASIAN                      ☐ NATIVE AMERICAN
☐ FEMALE                           ☐ BLACK                      ☐ UNKNOWN
☐ OTHER                             ☐ CAUCASIAN/LATINO

EYE COLOR: (CHECK ONE)              HAIR COLOR: (CHECK ONE)
☒ BLACK           ☐ HAZEL           ☐ BALD                ☐ ORANGE
☐ BLUE            ☐ MAROON          ☒ BLACK               ☐ PINK
☐ BROWN           ☐ MULTICOLOR      ☐ BLOND OR STRAWBERRY ☐ PURPLE
☐ GRAY            ☐ PINK            ☐ BLUE                ☐ RED OR AUBURN
☐ GREEN           ☐ UNKNOWN         ☐ BROWN               ☐ SANDY
                                    ☐ GRAY                ☐ WHITE
                                    ☐ GREEN               ☐ UNKNOWN

HEIGHT: **74**          OR                      WEIGHT: **180**          OR
FEET/INCHES              CENTIMETERS            POUNDS              KILOGRAMS

When you provide your digital signature, you will be attesting to the following:

*I declare under penalty of perjury that I have reviewed and understand the document(s) identified by the receipt number displayed on the screen above, and that all the information in these materials is complete, true, and correct. This includes any:*
- *application, petition, or request that I submitted;*
- *application, petition, or request that I provided on behalf of my derivative beneficiary;*
- *application, petition, or request that was submitted on my behalf; and*
- *supporting documents, applications, petitions, or requests filed with my application, petition, or request that I (or my attorney or accredited representative) filed with USCIS, or that was filed on my behalf.*

### RETURN "AIW" TO APPLICANT

AIW: REVISED 28 JULY 2021



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| **ASC Appointment Notice** | **APPLICATION/PETITION/REQUEST NUMBER** ZAR2249240490 | | | **NOTICE DATE** 01/28/2022 |
|---|---|---|---|---|
| **CASE TYPE** I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL | | **ACCOUNT NUMBER** | **USCIS A#** A220 830 871 | **CODE** 3 |



SOUMA BRADY
4925 NORTH CAPITOL ST
APT 203
WASHINGTON DC 20011

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.** To process your application, petition, or request, the U.S. Citizenship & Immigration Services (USCIS) must collect your biometrics. Please appear at the below Application Support Center (ASC) at the date and time specified.

**WARNING:** Unless USCIS excuses you based on good cause, failure to appear at this biometrics appointment will result in an applicant-caused delay that will impact your eligibility for employment authorization based on your pending asylum application. If you fail to appear at this appointment as scheduled, USCIS may: (1) dismiss your asylum application, if you are in lawful immigration status or paroled, or (2) refer your application to an immigration judge, if you are not in lawful immigration status or paroled. If you fail to appear at this appointment as scheduled, and you are currently in removal proceedings, an immigration judge may deem your asylum application abandoned.

| **APPLICATION SUPPORT CENTER** USCIS ALEXANDRIA 8850 Richmond Hwy Suite 100 Alexandria VA 22309 | **DATE AND TIME OF APPOINTMENT** 02/22/2022 11:00AM |
|---|---|

**WHEN YOU APPEAR AT THE ASC FOR BIOMETRICS SUBMISSION, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE,** and
2. **PHOTO IDENTIFICATION** (e.g. passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID). If you do not have photo identification, please expect a delay.

Only those necessary to assist with transportation or completion of the biometrics worksheet should accompany you to your ASC appointment. If you have open wounds, bandages, or casts when you appear for biometrics submission, USCIS may reschedule your ASC appointment if we determine your injuries may interfere with your biometrics submission. Please do not visit a USCIS office if you are sick or feel symptoms of being sick. Follow the instructions on this notice to reschedule your appointment.

You may bring cell phones or electronic devices, but they must be turned off during biometrics collection. No one may photograph or record at an ASC.

For more information regarding your ASC appointment, visit https://www.uscis.gov/forms/forms-information/preparing-your-biometric-services-appointment. If you have questions regarding this notice, please call the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833).

**NOTE:** If an ASC closes due to inclement weather or unforeseen circumstances, USCIS will automatically reschedule your ASC appointment for the next available date and time. For the latest information on the status of an office, visit https://www.uscis.gov/about-us/uscis-office-closings. Please check this page on the day of your ASC appointment. If USCIS reschedules your ASC appointment, you will receive a new ASC appointment notice.

You must update your address within 10 days if you move. For instructions, visit https://www.uscis.gov/addresschange. If you are in removal proceedings, you must also notify the Executive Office for Immigration Review (EOIR or Immigration Court) within five working days of any change of address or telephone number by filing a completed Form EOIR-33, Alien's Change of Address/Phone Number Form/Immigration Court. For instructions, visit https://www.justice.gov/eoir/form-eoir-33-eoir-immigration-court-listing.

**WARNING:** Failure to update your mailing address with USCIS, and, if applicable, EOIR may result in dismissal of your asylum application, referral of your asylum application to an immigration judge, or if you are already in removal proceedings, an entry of a removal order in your absence if you fail to appear at a hearing before an immigration judge.

USCIS may use your biometrics to check the criminal history records of the FBI, for identity verification, to determine eligibility, to create immigration documents (e.g., Green Card, Employment Authorization Document, etc.), or for any purpose authorized by the Immigration and Nationality Act. You may obtain a copy of your own FBI record using the procedures outlined within Title 28 C.F.R. Section 16.32. For information, please visit https://www.fbi.gov/services/cjis/identity-history-summary-checks. For Privacy Act information, please visit https://www.fbi.gov/services/cjis/compact-council/privacy-act-statement.

| **REQUESTS TO RESCHEDULE/SPECIAL HANDLING** |
|---|

If you are unable to attend your scheduled ASC appointment, you may request that USCIS reschedule your ASC appointment by calling the USCIS Contact Center at 1-800-375-5283 (TTY 800-767-1833). **Your request to reschedule should: 1) be made before the date and time of the original appointment and 2) establish good cause for rescheduling.** If you fail to make a request before your scheduled appointment or fail to establish good cause, USCIS may not reschedule your ASC appointment.

If you have a serious ongoing medical condition and you cannot leave your home/hospital, you may request a mobile biometrics/homebound appointment by following the instructions on the back in the Notice for People with Disabilities or by visiting uscis.gov/accommodations.

BIOMETRICS PROCESSING STAMP

ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
ON
TENPRINTS QA REVIEW BY:
ON FEB 22 2022



**APPLICATION NUMBER  I589-  ZAR2249240490**

For questions about this notice call 1-800-375-5283. For questions about your application, contact the Asylum Office or Immigration Court with jurisdiction over your case.

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C  04/01/19



## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADY SOUMA EWOUDOU<br>4925 NORTH CAPITAL STREET NW Apt 203<br>Washington, DC 20011<br><br>Plaintiff,<br><br>V.<br><br>KIKA SCOTT, Director.<br>U.S. Citizenship and Immigration Services<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>KRISTI NOEM, Secretary<br>U.S. Department of Homeland Security<br>MS 0525 Department of Homeland Security<br>2707 Martin Luther King Jr Ave SE<br>Washington, DC 20528-0525<br><br>CONNIE NOLAN, Associate Director<br>U.S. Citizenship and Immigration Services<br>Office of the Chief Counsel<br>Potomac Service Center<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. No._____<br>)<br>)<br>)<br>)<br>)<br>)  VERIFIED COMPLAINT FOR<br>)  MANDAMUS AND<br>)  DECLARATORY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF EXHAUSTION OF ADMINISTRATIVE REMEDIES

**ON THIS DAY,** Souma Ewoudou Brady personally appeared before the

undersigned Notary Public and, after having been first duly sworn according to law, under

penalty of perjury, affirms, that he is over eighteen (18) years of age, competent to testify to

the contents of this affidavit, and that the following facts are true and correct based on personal

knowledge:

1

1.    My name is BRADY SOUMA EWOUDOU and my address is 4925 NORTH CAPITAL STREET NW Apt 203, Washington, DC 20011.

2.    I am over the age of eighteen (18) and I am not suffering from any condition that would render me legally incompetent.

3.    I have made diligent efforts to obtain the status of my I-589 Application for Asylum by email, telephone, and by visiting the local asylum office without success.

4.    I have exhausted all available administrative remedies for seeking status of my I-589 Application for Asylum office without success.

5.    To my personal knowledge and according to the last notice received from United States Customs and Immigration Services, my application remains pending.


I, _Souma Ewoudou Brady O._ do hereby swear or affirm that my answers given above are true and accurate to the best of my knowledge.

_____          03/25/2025
Affiant                                                        Date


STATE/COMMONWEALTH OF _District of Columbia_ :
City/County of _Washington_ to wit:

Subscribed and sworn to before me by _Souma Ewoudou Brady O._, this _25th_ day of _March_, 2025.


_____
Notary Public
My commission expires: _____

Registration Number: _N/A_.

**BRANDON MELGAR GONZALEZ**
District of Columbia Notary Public
My Commission Expires Apr. 30, 2028

2